IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAHMAN PRATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 11-670-CG-C |
| | ) |
| NEW HEALTH DYNAMICS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion of defendant, New Health Dynamics, Inc. ("New Health") for summary judgment (Doc. 30).  After review of the pleadings and in light of the fact that plaintiff has failed to oppose summary judgment, the court finds that New Health's summary judgment motion is due to be granted.

**FACTS**

Plaintiff Rahman Pratt filed this action claiming he was demoted, and subjected to a hostile work environment, racial discrimination, retaliation, slander and defamation. (Doc. 7).  On February 1, 2013, defendant moved for summary judgment asserting that plaintiff has offered no support for any of his claims.  Any party opposing the motions was ordered to file a response in opposition on or before March 6, 2013. (Doc. 31).  When no timely opposition was received, the court viewed the non-response as an oversight and granted plaintiff an extension until March 18,

2013 to file a response in opposition. (Doc. 35).  Plaintiff was warned that his "[f]ailure to respond will be deemed as plaintiff's concession to the issues raised in the motion, and the motion for summary judgment will be granted." (Doc. 35).  To date, no opposition has been filed.

## ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that

party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Discussion**

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)).  Moreover, " [t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

The court notes that plaintiff filed this action and is proceeding pro se.

> Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. See, e.g., Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990).  Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, see Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991), or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater, 881 F.Supp. 1565, 1568 (M.D.Fla.1995).

GJR Investments Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Plaintiff "is subject to the relevant law and rules of court, including the

Federal Rules of Civil Procedure," the same as any other litigant. <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

There being no opposition to defendant's motion, the court, after review of the pleadings, finds the motion is due to be granted.

## CONCLUSION

For the reasons stated above, the motion of defendant, New Health Dynamics, Inc. for summary judgment (Doc. 30), is **GRANTED.**

**DONE and ORDERED** this 21st day of March, 2013.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE